UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-194-KSF

MARSHA PERKINS                                                                                              PLAINTIFF

v.                                        **OPINION & ORDER**

THE MADISON COUNTY BOARD OF EDUCATION, et al                    DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the motion of the plaintiff, Marsha Perkins ("Perkins"), for summary judgment. The matter has been fully briefed and is ripe for review.

Perkins asks the Court to find that the defendants, the Madison County Board of Education ("Board"), Thomas Floyd ("Floyd"), and Kevin Hub ("Hub") (collectively, the "Defendants"), violated her due process rights when they failed to provide a post-termination hearing before a neutral decisionmaker to review Floyd's decision to terminate her employment. The Court, having reviewed the record and being otherwise sufficiently advised, will deny the motion.

I.      **Factual Background**

Perkins was a classified employee of the Board and served as an aide to special needs students. She was employed for more than four years and was working at Kirksville Elementary School when she was terminated. On March 16, 2009, Perkins was involved in an altercation with a student where she pulled the student's hair. Hub investigated the incident and reported that Perkins had acted in a manner "unbecoming a school employee." On March 17th, Floyd suspended Perkins pending her request for a hearing. Perkins asked for hearing and Floyd conducted the hearing on April 24th. At the hearing, Perkins was represented by counsel, presented evidence and called

witnesses. Floyd concluded that Perkins engaged in "conduct unbecoming a school employee" and terminated her employment. The Board policy provides for no post-termination review of Floyd's decision.

## II.     Standard of Review

Summary judgment is proper where there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, a district court must construe all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

## III.    Analysis

Perkins argues that Defendants violated her due process rights when they failed to provide a post-termination hearing before a neutral decisionmaker to review Floyd's decision to terminate her employment. Defendants argue that the pre-termination hearing satisfied all due process requirements making a post-termination hearing unnecessary. They contend that since the pre-termination hearing adequately protected Perkins' due process rights, her Motion for Summary Judgment should be denied.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution "provides that certain substantive rights - life, liberty, and property - cannot be deprived except pursuant to constitutionally adequate procedures." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). Courts conduct a two-step analysis when considering claims for the violation of due process rights. First, the court must determine whether the plaintiff has a property interest

2

entitled to due process protection. Second, the court must determine what process is due. *Leary v. Daeschner*, 228, F.3d 729, 741-42 (6th Cir. 2000). The parties agree that Perkins had a protected property interest in her employment so the only issue before the Court is whether she was afforded all the process that she was due.

The essential requirements of due process are notice and an opportunity to respond. The opportunity to present reasons, either in person or in writing, why the proposed action should not be taken is a fundamental due process right. *Loudermill*, 470 U.S. at 542. In *Loudermill*, the Supreme Court found that a pre-termination hearing was necessary but that it need not be elaborate where an employee is provided with a full post-termination hearing. *Id*. at 545. *Loudermill*, however, did not hold that *both* a pre-termination and post-termination hearing were required; rather, it noted that the required extend of post-termination procedures is inextricably intertwined with the scope of pre-termination procedures. *Id.* at 546. In *Mitchell v. Fankhauser*, 375 F.3d 477 (6th Cir. 2004), the court noted that "if a pre-termination hearing is more 'meaningful,' . . . then no post-termination hearing would be necessary." *Id.* at 481. Thus, if the pre-termination hearing was "meaningful," then there is no violation of Perkins' due process rights. To be "meaningful," at a minimum, the discharged employee must be permitted to attend the hearing, to have the assistance of counsel, to call witnesses and produce evidence on her own behalf, and to know and have an opportunity to challenge the evidence against her. *Loudermill*, 472 U.S. at 546.

Here, Perkins had two pre-termination hearings but no post-termination hearing. The first pre-termination hearing was before Hub. Hub spoke with her, telling her what he learned of the incident, and allowed her an opportunity to respond. Perkins acknowledges that this "abbreviated" pre-termination hearing would have been sufficient in itself if it had been accompanied by a full post-termination hearing. The second pre-termination hearing was held before Floyd. While the

3

second hearing was clearly more than the "abbreviated" hearing discussed in *Loudermill* or *Mitchell*, the parties disagree on whether the pre-termination hearing was "meaningful." Perkins acknowledges that she was afforded an opportunity to tell her side of the story - she was represented by counsel, presented evidence and called witnesses – but she argues that the hearing was not "meaningful" because Floyd was not an impartial adjudicator.

At the pre-termination stage, the employee does not have a right to, and the Constitution does not require, a neutral and impartial decisionmaker, but the opportunity for a post-termination hearing before a neutral decisionmaker is required for due process. *Farhat v. Jopke*, 370 F.3d 580, (6th Cir. 2004). If the proceedings are to be collapsed into one pre-termination hearing, a neutral decisionmaker is necessary at that hearing. Whether Floyd was a neutral and impartial decisionmaker is a question of fact for the jury to determine. The incident was initially investigated and reported by Hub. Subsequently, Floyd made the decision to suspend Perkins pending the hearing, held the hearing and ultimately signed her termination letter. This series of events is insufficient to conclusively establish that Floyd was not impartial. Accordingly, summary judgment is inappropriate at this time.

**IV.    Conclusion**

For the reasons set forth herein, **IT IS ORDERED** that the plaintiff's Motion for Summary Judgment [DE 9] is **DENIED**.

This 14th day of December, 2009.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**