UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:09-cv-194-KSF

MARSHA PERKINS                                                    PLAINTIFF

v.                                        **OPINION & ORDER**

THE MADISON COUNTY BOARD OF EDUCATION, et al            DEFENDANTS

\* \* \* \* \* \* \*

    This matter is before the Court on the motion of the defendants, The Madison County Board of Education ("Board"), Thomas Floyd ("Floyd") and Kevin Hub ("Hub"), (collectively "Defendants"), for summary judgment.

    The plaintiff, Marsha Perkins ("Perkins"), was a classified employee with the Madison County Board of Education.  In March 2009, she was involved in an altercation with a student and was suspended after an investigation.  Floyd conducted a hearing and found that she acted with "conduct unbecoming a school employee" and terminated her employment.  In this action, Perkins alleges that Defendants violated her due process rights by failing to provide a post-termination hearing before a neutral decisionmaker to review Floyd's decision to terminate her. In an Opinion & Order dated December 14, 2009, the Court denied Perkins' motion for partial summary judgment, finding that the process provided by Defendants was proper but reserved ruling on whether Floyd was an impartial or neutral decisionmaker.

    The parties filed an Agreed Stipulation dated February 24, 2010, stating that Perkins has no evidence to support an allegation that any bias, pretext, deception or corruption on behalf of Floyd or the other defendants existed, except by virtue of the positions they held. In this motion,

1

Defendants contend that summary judgment is appropriate because there are no factual issues outstanding given the Agreed Stipulation.  In her response, Perkins concedes that Floyd had no personal bias against her and had no improper knowledge or prejudgment of facts, however, she argues that he could not be an impartial decisionmaker because of his position.  She presents no further evidence to support this argument.

As the Court noted in its previous Opinion & Order, if the pretermination hearing is "meaningful" no post termination hearing is required.  A neutral decisionmaker is necessary for a "meaningful" proceeding.  Perkins has now stipulated that Floyd was impartial and neutral and concedes that the hearing was otherwise meaningful, so summary judgment is appropriate.  Perkins' mere allegation that Floyd was inherently impartial given his position is insufficient to survive a motion for summary judgment because she presents no evidence to support that allegation.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(the non-moving party may not rest upon its mere allegations or denials of the adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial).

Defendants also argue that summary judgment is appropriate on Perkins' state law claim that the failure to provide a post-termination hearing violated Section 2 of the Kentucky Constitution.  Defendants contend that since Perkins was afforded due process, she has no actionable claim.  If the federal law claims are dismissed, Perkins asks the Court to decline to exercise jurisdiction over her state law claim.

If a district court dismisses all federal claims in a case, the court can properly refuse to exercise supplemental jurisdiction over pendant state law claims.  While the district court may refuse to exercise supplemental jurisdiction, it is not required to do so; rather it is in the court's

2

discretion.  *Novak v. Metrohealth Med. Ctr.*, 503 F.3d 572, 583 (6th Cir. 2007).  In making this determination, the district court should consider the interests of judicial economy and avoidance of multiplicity of litigation and balance those against needlessly deciding state law issues. *Landefeld v. Marion General Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).  Here, the Court finds that the balance weighs in favor of exercising supplemental jurisdiction.  The case has been pending before this Court almost a year, discovery is complete and the trial date is impending. Since Perkins has not presented evidence sufficient to support her claim, the Court finds that summary judgment is appropriate on her state law claim.

Accordingly, **IT IS ORDERED** as follows:

1.  Defendants' motion for summary judgment [DE 15] is **GRANTED** and this matter is **DISMISSED WITH PREJUDICE**.

2.  The Clerk is directed to enter **JUDGMENT IN FAVOR OF DEFENDANTS** and to **STRIKE** this matter from the Court's active docket.  This is a final and appealable order.

3.  The pretrial conference and trial scheduled for May 27, 2010 and June 29, 2010, respectively, are **SET ASIDE**.

This March 24, 2010.



Signed By:

**_Karl S. Forester_** KSF

**United States Senior Judge**